**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**MICHAEL GANSAS,**

                      **Plaintiff,**

          - against -

**CITY OF NEW YORK, et al.,**

                      **Defendants.**
-------------------------------------------------------X

**ORDER**

**05-CV-5484 (ILG)**

**Gold, S., United States Magistrate Judge:**

      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 complaining that his constitutional rights were violated when he was charged with code violations and ultimately terminated from his position as an Assistant Captain with the New York City Department of Transportation. Defendants City of New York, Michael Bloomberg and Iris Weinshall (the "City defendants") have filed a motion to dismiss the complaint. Docket Entry 12.

      I held a conference in this matter on March 17, 2006. The primary purpose of the conference was to address a dispute between the parties over the proper scope of discovery while the City defendants' motion remains pending. After considering the arguments of the parties, for reasons I stated on the record, I authorized only very limited discovery. My ruling was based primarily upon the very narrow factual issues identified by plaintiff's counsel as arguably pertinent to the City defendants' motion. I also took into account the public interest in protecting government officials from unnecessary discovery, as discussed by the Supreme Court in Crawford-El v. Britton, 523 U.S. 574, 590 (1998).

      The limited discovery I approved permitted plaintiff to obtain documents reviewed by the hearing officers who adjudicated the charges brought against him, but I specifically precluded

broader discovery, such as – by way of example only – diary entries or other documents reflecting Commissioner Weinshall's personal reflections or discussions with her executive staff or the Mayor's office about plaintiff. Tr. of Mar. 17, 2006 at 15-17. I also encouraged counsel to use their best efforts to stipulate to any facts concerning the employment and supervision of the hearing officers that plaintiff deemed necessary to oppose the City defendants' motion. Plaintiff was permitted to serve interrogatories on that limited subject only if stipulations could not be reached.

Plaintiff has now filed a letter motion to compel discovery. Docket Entry 22. Although plaintiff claims in his letter motion and his reply (Docket Entry 24) that he has limited his demands in accordance with my ruling, a plain reading of plaintiff's discovery demands belies this assertion. For example, plaintiff's first request for production of documents seeks

> [a]ll documents that are now, or were, in the possession, custody or control of Iris Weinshall-Schumer, Commissioner of the Department of Transportation, referring or relating to Captain Michael Gansas and his acting as Captain of the Ferryboat Andrew J. Barberi on October 15, 2003.

Document demands 2 and 3 are virtually identical, except that they seek documents in the possession of the Department of Transportation's Deputy Commissioner and General Counsel, and document demand 6 seeks the same category of documents from the Office of the Mayor. None of the requests are limited to documents provided to the hearing officers.

The interrogatories propounded by plaintiff are similarly overbroad. For example, Interrogatory 1(b) asks whether Howard Altschuler, one of the hearing officers, ever worked for or with Senator Schumer, and 1(i) asks whether Altschuler was related to or personally knew anyone who was aboard the Ferryboat Andrew J. Barberi on October 15, 2003. Moreover, there

2

is no indication in plaintiff's letter motion that plaintiff attempted to reach a stipulation with defendants but was unable to do so.

For these reasons, plaintiff's motion to compel is denied. This order is entered without prejudice to plaintiff's right to serve narrowly tailored document demands seeking disclosure of documents reviewed by the hearing officers and, if efforts to reach a stipulation with defendants prove unavailing, interrogatories asking for the titles held by the hearing officers and the identity of their supervisors while employed by the Department of Transportation.

                    SO ORDERED.

                    _____/s/_____
                    STEVEN M. GOLD
                    United States Magistrate Judge

Brooklyn, New York
May 8, 2006

C:\MyFiles\gansas 050806.wpd